United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Fernando Galue, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-23704-Civ-Scola |
| Clopay Corporation and John Doe, | ) |
| Defendants. | ) |

### Order Remanding Case

Plaintiff Fernando Galue complains that, while conducting a fire inspection at Defendant Clopay Corporation's property, on February 14, 2019, he was severely injured by a Clopay employee's negligent operation of a forklift. (Compl., ECF No. 1-2.) Galue initially filed his complaint in state court, asserting claims for negligence against both Clopay and "John Doe" and for vicarious liability against Clopay. (*Id.*) In the complaint, Galue identified John Doe as a citizen of Florida and as the Clopay employee who was operating the forklift that caused his injuries. (*Id.* ¶¶ 4, 5, 8.) Shortly after being served with the complaint, Clopay removed the case to this Court on the basis of diversity jurisdiction: Galue is a citizen of Florida and Clopay is a citizen of Ohio and Delaware. (Not. of Removal, ECF No. 1, 2.) Clopay now asks the Court to dismiss the count against the John Doe defendant, contending Galue cannot maintain his claim against a fictitious party. (Def.'s Mot. to Dismiss, ECF No. 4.) At the same time, Galue seeks leave to amend his complaint, in order to join Anthony P. Julian who, Galue has learned through discovery, is the previously unnamed forklift operator. (Pl.'s Mot. to Am. and to Remand, ECF No. 13.) Because Julian is a Florida citizen, like Galue, his joinder will destroy diversity and, accordingly, Galue also asks the Court to remand this case back to state court. (*Id.*) Clopay opposes Julian's joinder, arguing its interest in maintaining this case in a federal forum outweighs Galue's interest in not having parallel lawsuits proceeding in both federal and state court. (Def.'s Resp., ECF No. 15.) Both motions have been fully briefed. (Pl.'s Resp. to Mot. to Dismiss, ECF No. 6; Def.'s Reply, ECF No. 10; Pl.'s Reply in Support of Mot. to Am. and Remand, ECF No. 16.) After careful review, the Court agrees with Galue that Julian should be joined as a party and that, consequently, the Court must remand this case back to state court. The Court, therefore, **grants** Galue's motion to amend and remand (**ECF No. 13**) and **denies** Clopay's motion to dismiss **as moot** (**ECF No. 4**).

**1. Discussion**

As set forth in 28 U.S.C. § 1447(e), if a plaintiff seeks, after removal, "to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "Although § 1447(e) speaks of joinder, it has been held to apply when the complaint is amended to replace 'John Doe' defendants with defendants identified by name." *McPhail v. Deere & Co.*, 529 F.3d 947, 950 (10th Cir. 2008). "In deciding whether to permit or deny joinder, the district court must balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Rutsky v. Target Corp.*, 12-61828-CIV, 2012 WL 5604620, at *2 (S.D. Fla. Nov. 15, 2012) (Marra, J.) (citing *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987)). Courts consider the following factors in evaluating joinder under these circumstances: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed and (4) any other factors bearing on the equities." *Rutsky*, 12-61828-CIV, 2012 WL 5604620, at *2 (S.D. Fla. Nov. 15, 2012) (citing *Hensgens,* 833 F.2d at 1182). The Court finds these factors all weigh in Galue's favor.

As to the first factor, the Court notes Galue asserted a negligence claim against John Doe, the forklift operator, in his initial complaint, filed in state court. In that case-initiating pleading, Galue asserted his belief that the John Doe defendant was a citizen of Florida. (Compl. ¶ 4.) Galue also identified the particular individual he sought to include in the suit: the specific Clopay employee who was operating the forklift that caused his injury.[1] (*Id.* ¶¶ 5, 8.) It was, thus, "clear at all times that Plaintiff intended to pursue a claim against a non-diverse defendant" and that he "did not merely attempt to assert a new claim against a non-diverse defendant after this case was removed." *Nelson v. Boston Mkt. Corp.*, 816CV3355T24TBM, 2017 WL 393870, at *2 (M.D. Fla. Jan. 30, 2017). Accordingly, the Court concludes that the purpose of Galue's requested joinder is not to defeat federal jurisdiction.

Next, the Court does not find Galue was dilatory in seeking joinder of Julian. Galue explains, and Clopay does not dispute, he had no way of knowing Julian's identity at the time of the incident because he was transported to the hospital directly after sustaining his injuries on Clopay's property. (Pl.'s Mot. to

---

[1] The Court is puzzled by Clopay's insistence that Galue's description of the John Doe defendant was "overbroad" and "insufficient to identify [him] among the many employees of Clopay." (Def.'s Resp. at 4.) Galue's describing the John Doe Defendant as the single employee who was operating the particular forklift that injured Galue is simply not, as Clopay describes it, "a generic description of every employee that works for Clopay." (*Id.* at 5.)

Am. at 6.) Clopay also does not dispute that Galue inquired as to John Doe's identity during the parties' Rule 26 conference. (*Id.*) Further, Clopay does not deny that it told Galue it was unable to provide the forklift operator's name at that time. (*Id.*) Lastly, the parties appear to agree that Clopay provided Galue with Julian's name in a Rule 26 disclosure and that Galue then filed his motion to amend within days of the disclosure and only one month after Clopay had removed the case. (*Id.*) In sum, the Court find's Clopay's contention that Galue was dilatory wholly meritless.

Third, the Court concludes Galue will be significantly injured if joinder is not allowed because he will be forced to pursue his claim against Clopay in this Court while simultaneously pursuing his claim against Julian in state court. The Court finds Clopay's reliance on another Southern District of Florida case unavailing. (Def.'s Resp. at 5 (citing *Rutsky*, 2012 WL 5604620, at *3). Clopay cites that case for the proposition that the third factor should weigh in its favor because Galue can obtain a full judgment in this case without joining Julian. (Def.'s Resp. at 5.) In that case, though, the plaintiff was initially unaware of the identity of the John Doe defendant at all, unlike this case, where Galue knew exactly who the individual was but simply lacked knowledge of his actual name. Additionally, here, unlike in *Rutsky*, Galue has alleged that Julian himself was directly, actively, and personally liable for his injuries. The Court can imagine any number of scenarios, based on the facts of this case, where it would be beneficial for Galue to seek recovery from Julian, personally, in the same case, rather than proceeding against the Defendants separately.

Finally, the Court does not find the equities in this case to weigh in Clopay's favor. Clopay was on notice from the outset of this lawsuit that Galue intended to name a non-diverse party as a defendant in this case. Further, Clopay itself was in the best position to know the identity and citizenship of the John Doe forklift operator when it was served with the complaint but chose to remove the case anyway. *See Bloesch v. Wal-Mart Stores E., LP*, 8:19-CV-3156-T-02TGW, 2020 WL 1188469, at *2 (M.D. Fla. Mar. 12, 2020) (noting that courts typically find this kind of fact "to weigh in favor of allowing the amendment").

### 2. Conclusion

In sum, then, the Court finds all four factors to weigh strongly in favor of allowing joinder and, therefore, remands this case, finding diversity to have been destroyed. Accordingly, the Court **grants** Galue's motion to amend and remand (**ECF No. 13**). The Court deems Galue's first amended complaint filed as of the date of the signing of this order. (Am. Compl., ECF No. 13-1.) Because Clopay's motion to dismiss is based on its concern that Galue should not be permitted to maintain a claim against a John Doe defendant, the Court **denies** it **as moot**

(**ECF No. 4**).

The Clerk is, thus, directed to **close** this case and take all necessary steps to ensure the prompt **remand** of this matter and the **transfer of this file** back to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County. All other pending motions are **denied as moot**.

**Done and ordered**, in Miami, Florida, on December 14, 2020.

_____
Robert N. Scola, Jr.
United States District Judge